IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2068-FL

| | | |
|---|---|---|
| BRANDON LEE ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LARRY DAIL, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came before the court on respondent's motion for summary judgment (DE 5) pursuant to Federal Rule of Civil Procedure 56. The issues raised were fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment.

## STATEMENT OF CASE

On March 19, 2009, petitioner was found guilty after a jury trial in the Beaufort County Superior Court of first-degree sexual offense against a child and indecent liberties with a child. Resp't's Mem. Ex. 1, pp. 19-20. The jury additionally found that petitioner was not guilty of two counts of charged first-degree rape of a child. Id. Petitioner was sentenced to the following consecutive sentences: (1) two hundred forty (240) to two hundred ninety-seven (297) months imprisonment for the offense of first-degree sexual offense against a child; and (2) sixteen (16) to twenty (20) months for the offense of indecent liberties with a child. Id. pp. 23-25. The North Carolina Court of Appeals found no error in petitioner's conviction and sentence on March 16, 2010.

State v. Allen, No. COA09–1259, 2010 WL 915975 *6 (N.C. Ct. App., March 16, 2010) (unpublished).  On April 20, 2010, petitioner, through counsel, filed a petition for discretionary review to the North Carolina Supreme Court, which was denied on October 7, 2010.  State v. Allen, 364 N.C. 435, 435 (2010).

On October 4, 2011, petitioner, through counsel, filed a motion for appropriate relief ("MAR") in the Beaufort County Superior Court.  Resp't's Mem. Ex. 10.  On September 20, 2012, the superior court judge denied petitioner's MAR.  Id. Ex. 13.  On February 15, 2013, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals.  Id. Ex. 14.  On February 25, 2013, the State filed a response arguing, *inter alia*, that petitioner's certiorari petition should be dismissed for "fail[ure] to include with his petition a copy of the purported order he [wa]s requesting review of, any motion that was addressed by the trial court, copies of any judgments[,] or any documents to support his petition."  Id. Ex. 15, p. 6.  On February 28, 2013, the court of appeals dismissed petitioner's certiorari petition.  Id. Ex. 16.

On March 12, 2013, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition, petitioner alleges the following:  (1) the court of appeals erred in affirming the trial court's denial of petitioner's motion to dismiss the charge of first-degree sexual offense due to insufficient evidence; (2) the court of appeals erred in affirming the trial court's denial of petitioner's motion to dismiss because there was insufficient evidence of penetration to support the charge of first-degree sexual offense; (3) the court of appeals erred in failing to arrest judgment on the conviction for indecent liberties because the first-degree sexual offense conviction arose out of the same act; and (4) the court of appeals erred in affirming the trial court's denial of petitioner's motion to dismiss because the State failed to satisfy the *corpus delicti* rule, which

2

requires strong, independent corroboration of essential facts and circumstances contained in confession to obtain the conviction. On August 5, 2013, respondent filed a motion for summary judgment, arguing that petitioner's action is time-barred. Alternatively, respondent argues that petitioner's claims are without merit. The motion was fully briefed.

## DISCUSSION

A.      Motion for Summary Judgment

1.      Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2.      Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed; C) the date on which the constitutional right was initially

3

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The running of the period of limitation under § 2244(d)(1) may be tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state court. See Taylor, 186 F.3d at 561.

Because petitioner filed an appeal, his action became final on January 5, 2011, which was ninety (90) days after the North Carolina Supreme Court denied petitioner's petition for discretionary review on October 7, 2010. See Sup. Ct. R. 13.1 (providing 90 days in which to file a certiorari petition with the United States Supreme Court from a final order of a state's highest court denying review); Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). As a result, petitioner's one-year statutory period began to run on January 6, 2011, and ran for two hundred seventy-one (271) days until petitioner filed his MAR on October 4, 2011. The statute of limitations period then resumed on September 20, 2012, when the superior court denied petitioner's MAR, and ran for ninety-four (94) days until it expired on December 24, 2012.

Although petitioner filed a petition for a writ of certiorari to the North Carolina Court of Appeals following the denial of his MAR, petitioner certiorari petition did not further toll the statute

4

of limitations period because it was not a properly filed application for post-conviction relief under 28 U.S.C. 2244(d)(2). North Carolina law does not specify a specific time period for filing a certiorari petition in the court of appeals, but provides that such a petition must be filed "without unreasonable delay." N.C. R. App. P. 21(e). The United States Supreme Court in Evans v. Chavis, 546 U.S. 189 (2006), held that each circuit must determine for itself what constitutes an unreasonable delay. The Court stated that most states under similar circumstances allow thirty (30) to sixty (60) days for filing an appeal, and stated that it did not see how a six-month delay in filing an appeal "could fall within the scope of the federal statutory word 'pending.' " Id. at 854.

In this case, petitioner filed his petition for a writ of certiorari nearly five months after the superior court denied his MAR. This period of time is well beyond the "reasonable" period of time contemplated by the Court in Evans. Therefore, this court finds that petitioner's untimely February 15, 2013, petition for a writ of certiorari did not operate to toll the statute of limitations period. See Evans, 546 U.S. at 200-201; see Bartlett v. Keller, No. 1:10CV437, 2011 WL 1258113, at *3 (M.D.N.C. Mar. 31, 2011), appeal dismissed, 463 F. App'x 190 (4th Cir. 2012); McConnell v. Beck, 427 F. Supp.2d 578, 582 (M.D.N.C. 2006); .

Even if petitioner's five month delay in filing his petition for a writ of certiorari could be construed as reasonable, petitioner's February 15, 2013, certiorari petition still would not toll the one-year statutory period because it was not properly filed. North Carolina Rule of Appellate Procedure 21(c), provides that a petition for a writ of certiorari "shall contain . . . certified copies of the judgment, order, or opinion or parts of the record which may be essential to an understanding of the matters set forth in the petition." Here, the record reflects that petitioner failed to include both certified documents and "a copy of the purported order he [wa]s requesting review of, any motion

5

that was addressed by the trial court, copies of any judgments[,] or any documents to support his petition."  Resp't's Mem. Ex. 15, p. 6.  Two days after the state notified the court of appeals of petitioner's deficiencies, the court of appeals dismissed petitioner's petition for a writ of certiorari.  Id. (DE 16).  Although the court of appeals' order does not explain the basis for the dismissal, it appears that the dismissal was for failure to comply with the requirements of the North Carolina Rules of Appellate Procedure, as contended by the State.  N.C. R. App. P. 21(e) ("In the event the petitioner unreasonably delays in filing the petition or otherwise fails to comply with a rule procedure, the petition shall be dismissed by the court.  If the petition is without merit, it shall be denied by the court).  Thus, the petition for a writ of certiorari was not properly filed for the purposes of tolling under 28 U.S.C. § 2244(d)(2).  See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (finding that an application is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"); Escalante v. Watson, 488 F. App'x 694, 697 & 701 (4th Cir. 2012) (holding that petition was time barred and not tolled where "appeal was refused because it was not perfected in the manner provided by law and, therefore, was not properly filed") (internal quotations omitted).  Based upon the foregoing, the court finds that petitioner's February 15, 2013, petition for a writ of habeas was not properly filed and did not operate to toll the statute of limitations time-period and the action is time-barred.

As a defense to the running of the statute of limitations, petitioner contends that he is entitled to equitable tolling.  Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling."  Rouse v. Lee, 339 F.3d  238, 246 (4th Cir. 2003) (en banc).  Nonetheless, the

6

Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner claims he is entitled to equitable tolling due to his *pro se* status and because he was not aware of several laws regarding § 2254 proceedings, including the one-year statutory deadline. However, legal inexperience is not a justification for equitable tolling. Unites States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); Cross-Bey v. Gammon, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted). Accordingly, petitioner has not established the extraordinary circumstances necessary for equitable tolling, and is not entitled to equitable tolling on this ground.

Petitioner also asserts that there was a delay in obtaining a money order to file the instant petition. Petitioner indicates that he sought a money order after the court of appeals denied his certiorari petition on February 28, 2013. However, as stated, the statute of limitations expired on December 24, 2012, which was prior to the date petitioner sought the money order. Thus, petitioner is not entitled to equitable tolling on this ground.

Finally, petitioner suggests that he is entitled to equitable tolling because he relied upon his

attorney to make timely filings. Specifically, petitioner states:

> My lawyer filed the appropriate motions to appeal as he told me and
> he then asked me to allow the N.C. Prison Legal Services to review
> my case and filed the next motions. I didn't understand what I
> needed to do cause the lawyer said he would handle it. I didn't know
> about any higher courts etc. . . I trusted the advice of the trial court
> counsel and the lawyer which represented me to the appeals court.

Pet. ¶ 11(e).

Generally, ineffective assistance of counsel does not warrant equitable tolling. See Harris

v. Hutchinson, 209 F.3d 325, 331 (4th Cir.2000). But cf. Holland v. Florida, 560 U.S. 631 (2010)

(remanding for determination whether counsel's ineffective assistance warranted tolling in view of

diligence exercised by prisoner). However, equitable tolling based upon attorney negligence may

be available in cases that are more egregious than a "garden variety claim of excusable neglect."

United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir.2010) (citation omitted). Extraordinary

circumstances may be demonstrated by a showing of an extraordinary "failure by the attorney to

provide reasonably competent legal work, to communicate with his client, to implement his client's

reasonable requests, to keep his client informed of key developments in their case, or to never

abandon a client." Id.

In this case, petitioner states that he relied upon his counsel for filing the appropriate

documents timely, and suggests that he did not understand his counsel's instructions with regard to

a petition for a writ of certiorari. These facts are insufficient to establish that the alleged negligence

in this case was anything other than a "garden variety claim of excusable neglect." Oriakhi, 394 F.

App'x at 977. In particular, petitioner's unfamiliarity with the law is not a basis for equitable tolling.

Snyder v. Warden, No. ELH-11-1392, 2011 WL 3665029, at *2 (D. Md. Aug. 18, 2011).

8

Additionally, petitioner has not alleged or demonstrated any delay on the part of NCPLS sufficient to toll the one-year period of limitations. See Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704 at *2 (M.D.N.C. Aug. 1, 2002) (rejecting equitable tolling claim based on petitioner's assertion that he missed one-year deadline while waiting for NCPLS). Accordingly, petitioner has not demonstrated that "extraordinary circumstances" beyond his control prevented him from complying with the statutory time limit, and is not entitled to equitable tolling on this ground. Because petitioner has not demonstrated that he is entitled to equitable tolling, this action is time-barred.

In addition to his equitable tolling claims, petitioner alleges that he is actually innocent of the offenses at issue. Recently, the Supreme Court recognized in McQuiggin v. Perkins, ⸺ U.S. ⸺, ⸺, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to AEDPA's time limitations. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995); see McQuiggin, ⸺ U.S. at ⸺, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Further, "claims of actual innocence are rarely successful," id., and "should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998).

Here, petitioner makes vague and conclusory allegations that the is actually innocent of the instant offenses. Petitioner, however, has not set forth any new or reliable evidence establishing his actual innocence. Petitioner's conclusory allegations are insufficient to excuse his procedural default. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory

9

allegations do not entitle habeas petitioner to an evidentiary hearing."), overruled on other grounds by, Gray v. Netherland, 518 U.S. 152, 165-66 (1996); see, e.g., Turner v. Director, Virginia Dept. of Corrections, No. 1:13cv998, 2013 WL 6506179, at *3 (E.D. Va. Dec. 6, 2013).  Thus, petitioner's actual innocence claim does not excuse the untimely filing of this § 2254 petition.

C.      Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry,

and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds

first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529

U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable

standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's

claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed

further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 5) is

GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to

close this case.

SO ORDERED, this the 20th day of March, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

11